**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01687-CMA-NYW

RICHARD EVANS, M.D., individual,

    Plaintiff,

v.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY., a Wisconsin insurance company,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant Northwestern Mutual Life Insurance Company's ("Defendant" or "Northwestern Mutual") Partial Motion to Dismiss [#12], filed on August 27, 2015 [#12] ("Partial Motion to Dismiss"). The Partial Motion to Dismiss is before the undersigned Magistrate Judge pursuant to the Order Referring Case dated August 14, 2015 [#11] and the Memorandum dated August 28, 2015 [#13]. Having considered Plaintiff's Partial Motion to Dismiss in view of the allegations raised by Plaintiff Richard Evans' ("Plaintiff" or "Dr. Evans") original [#4] and amended Complaints [#16], Plaintiff's Response to the Partial Motion to Dismiss ("Response") [#17], Defendant's Reply ("Reply") [#19], any exhibits thereto, and the applicable case law, the court respectfully RECOMMENDS that the instant Partial Motion to Dismiss be DENIED.

**BACKGROUND AND PROCEDURAL HISTORY**

On August 6, 2015, Defendant Northwestern Mutual Life Insurance Company ("Defendant" or "Northwestern Mutual") removed this breach-of-contract and bad-faith action from Broomfield County District Court. [#1]. Plaintiff's original Complaint is docketed as entry [#4]. Plaintiff alleges that he purchased a disability insurance policy from Defendant. [#4 at ¶ 4]. Plaintiff further alleges that he became totally disabled from his medical practice and submitted a disability claim to Defendant. [*Id.* at ¶¶ 8-12]. According to the Complaint, Defendant "unreasonably delayed the payment of Plaintiff's claim, has unreasonably failed to pay Plaintiff's entire claim, has unreasonably denied part of Plaintiff's claim, and has unreasonably failed to agree to pay lifetime benefits." [*Id.* at ¶ 12]. On the basis of these allegations, Plaintiff asserts a breach-of-contract claim, a common law claim for breach of an insurer's duty to handle claims in good faith (the "common law bad faith claim"), and a statutory bad faith claim pursuant to Colo. Rev. Stat. ("C.R.S.") §§ 10-3-1115 and 10-3-1116 (the "statutory bad faith claim").[1] [*Id.* at ¶¶ 14-27]. Pursuant to C.R.S. § 10–3–1115(1)(a), an insurer "shall not unreasonably delay or deny payment of a claim for benefits owed." The statutory penalty of

---

[1] Because Dr. Evans alleges that "Defendant has breached this statute by unreasonably delaying Plaintiff's claim, by unreasonably failing to pay Plaintiff's entire claim, by unreasonably denying part of Plaintiff's claim, and by unreasonably failing to agree to pay lifetime benefits," [#4 at ¶¶ 25-26; #16 at ¶¶ 24-25], this court views the Amended Complaint as sufficient to plead a claim for relief under § 10-3-1115(1)(a) and also a demand for the statutory remedies under §10-3-1116. *Kisselman v. American Family Ins. Co.*, 292 P.3d 964, 971 (Colo. App. 2011).

reasonable attorney fees, court costs, and "two times the covered benefit." is set out in C.R.S. § 10-3-1116.[2]

On August 27, 2015, Defendant filed the instant Partial Motion to Dismiss, directed at Plaintiff's statutory bad faith claim. [#12]. Northwestern Mutual contends that because the Statutes did not become effective until August 6, 2008,[3] [*id.* at 2], Plaintiff's statutory bad faith claim must be dismissed because the policy at issue was issued prior to the effective date of the laws. [*Id.* at 4-9]. Defendant reasons that the application of the Statutes would be impermissibly retroactive, because (1) the Colorado legislature did not clearly contemplate the retroactive application of §§ 10-3-1116, and (2) the Colorado constitution bars retrospective application of legislation in a manner that would alter preexisting duties and obligations. [*Id.*]. As an exhibit to its Partial Motion to Dismiss, Northwestern Mutual attaches what it asserts is a copy of the disability insurance policy underlying Plaintiff's claims, which reflects an issuance date of April 21, 1994 (hereinafter, the "Disability Policy"). [*Id.* at 2, #12-1 at 3].

On September 17, 2015, Plaintiff filed his Response to the Partial Motion to Dismiss. [#17]. Plaintiff argues that application of §§ 10-3-1115 and 10-3-1116 to conduct occurring after those provisions went into effect on August 5, 2008 is not retrospective but prospective, even if the underlying policy from which his claim arises was issued prior to August 2008. [*Id.* at 5-10]. Plaintiff filed concurrently an Amended Complaint as of right pursuant to Fed. Rule Civ. P. 15(a)(1)(B), clarifying that Plaintiff submitted his disability claim to Defendant on August 6, 2014, and that the claims-

---

[2] In this Recommendation, this court at times refers to these two statutes collectively as "the Statutes."

[3] The Statutes became effective on August 5, 2008. C.R.S. §§ 10-3-1116, 10-3-1116, *see also Kisselman*, 292 P.3d at 967 (Colo. App. 2011).

3

handling targeted by Plaintiff's breach of contract and bad faith claims occurred thereafter. [#16 at ¶¶ 10-11; #17 at 2-3 & n.1].

The filing of the Amended Complaint did not comply with D.C.COLO.LCivR 15.1(a), in that it was not accompanied by a separate notice of filing or attach as an exhibit a blacklined version of the amended pleading to reflect the amendments made. Nevertheless, for the sake of efficiency, the court does not recommend that the Amended Complaint be stricken for failure to comply with D.C.COLO.LCivR. 15(a), but rather construes the arguments raised by the Partial Motion to Dismiss as directed against the statutory bad faith claim as pled in the Amended Complaint.

## ANALYSIS

I. **Applicable Law**

　　A. **Standard of Review**

Defendant moves to dismiss Plaintiff's statutory bad-faith claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [#12 at 2-4]. The standard under Rule 12(b)(6) is well-known. A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A claim may be dismissed because it asserts a legal theory that is not cognizable as a matter of law, or because it fails to state sufficient facts to establish a legally recognized claim. *Golan v. Ashcroft*, 310 F.Supp.2d 1215, 1217 (D. Colo. 2004). In deciding such a motion, the court must "'accept as true all well pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff.'" *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). In light of this standard, the court not only accepts as true all well-pleaded facts, but also

draws all reasonable inferences in favor of plaintiff to decide whether they plausibly entitle plaintiff to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *accord. Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (recognizing that a plaintiff must frame a complaint with enough factual matter, when taken as true, to plausibly suggest that he or she is entitled to relief) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  While the court's analysis is typically focused on the allegations as set forth within the four corners of the complaint, the court may consider documents referred to in the complaint that are central to the claims without converting the motion to dismiss into one for summary judgment. *Grynberg v. Koch Gateway Pipline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004).  The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

      **B.**    **Colorado Law on Prospective and Retroactive Application of Statutory Provisions**

There is no dispute that a federal court sitting in diversity applies the substantive law, including choice of law rules, of the forum state. *BancOklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999).  Under Colorado law, statutes are presumed to operate only prospectively, absent evidence of contrary legislative intent. *See City of Colorado Springs v. Powell*, 156 P.3d 461, 464-65 (Colo. 2007).  By contrast, a "statute is considered retroactive if it applies to transactions that have already occurred or to rights and obligations that existed before its effective date." *Id.* at 465. Under Colorado's constitution, even if a statute is intended to apply retroactively, such application is barred as impermissibly retrospective if such application "takes away

or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *Id.* (citation and quotation omitted). "'[W]here jurisdiction rests solely on diversity of citizenship and there is no controlling decision by the highest court of a state, a decision by an intermediate court should be followed by the Federal court, absent convincing evidence that the highest court would decide otherwise.'" *United Fire & Cas. Co. v. Boulder Plaza Residential*, LLC, 633 F.3d 951, 957 (10th Cir. 2011) (quoting *Webco Indus., Inc. v. Thermatool Corp.*, 278 F.3d 1120, 1126 (10th Cir. 2002)).

## II. Application to Motion to Dismiss

### A. Prospective Application

As discussed above, pursuant to § 10–3–1115(1)(a), an insurer "shall not unreasonably delay or deny payment of a claim for benefits owed." Under § 10-3-1116, a first-party claimant who prevails on a claim asserting breach of this statutory duty is entitled to recover reasonable attorney fees, court costs, and "two times the covered benefit." In *Kisselman*, the Colorado Court of Appeals held that application of these Statutes to alleged insurer misconduct after the August 5, 2008 effective date is prospective, even in cases where the underlying claims arose and were submitted prior to the effective date. 292 P.3d at 974. Another panel of the Colorado Court of Appeals agreed in *Vaccaro v. American Family Ins. Co.*, finding that the provisions operate prospectively to bar insurer bad faith in claims handling occurring after the August 5, 2008 effective date notwithstanding the fact that plaintiff's claim had been "filed and

processed in part before the Statutes took effect." 275 P.3d 750, 756-57, 759 (Colo. App. 2012).

Defendant contends that because the policy at issue was issued over 14 years prior to the effective date of the statute, the claim is necessarily subject to dismissal because it would result in the impermissible retroactive application of § 10-3-1116. [#12 at 6]. On Reply, Defendant urges this court to disregard the holdings of both *Kisselman* and *Vaccaro*, because "neither of the Courts of Appeals cases discusses, or in any way considers, the date the insurance policy was issued." [#19 at 4]. The upshot of Defendant's argument is that *Kisselman* and *Vaccaro* failed to appropriately consider *retrospectivity* of the whether the statutes affect pre-existing duties and obligations, and because the application of §§ 10-3-1115(1)(a) and 10-3-1116 would affect duties and obligations undertaken by Defendant prior to the enactment dates of those Statutes, the court should conclude that these statutes are being *retroactively* applied. [*Id.* at 6-7]. This court respectfully disagrees.

As an initial matter, both *Kisselman* and *Vaccaro* addressed fact patterns where the relevant coverage claims arose and were submitted prior to the effective date of the Statutes. *Kisselman*, 292 P.3d at 966 (noting that the accident at issue occurred on April 4, 2005, and "[a]t the time of the accident, Kisselman was covered by an American Family insurance policy"); *Vaccaro*, 275 P.3d at 753 (observing that the underlying collision occurred in 2005, and Defendant's policy at issue at that time provided underinsured motorist coverage up to $100,000.) It necessarily follows that, as is undisputed in the instant case, the relevant policies were issued prior to the effective date of §§ 10–3–1115(1)(a) and 10-3-1116. Despite Defendant's insistence to the

7

contrary [#19 at 4-5], this court concludes that the lack of express discussion in either decision of when the relevant policies issued is of no consequence.

As explained in detail in *Kisselman*, the Statutes are applicable to alleged post-effective acts of unreasonable delay, *inter alia*, because the General Assembly intended the Statutes to apply prospectively to all post-effective date conduct of insurer. *See Kisselman*, 292 P.3d at 974. The *Kisselman* panel of the Colorado Court of Appeals stated:

> Here, section 10–3–1115(1)(a) provides that a "person engaged in the business of insurance *shall not unreasonably delay or deny payment* of a claim for benefits owed to or on behalf of any first-party claimant." (Emphasis added.) The clear import of this language shows that the General Assembly intended to prohibit conduct by insurers in their handling of claims for benefits owed to their insureds. Therefore, after the Statutes' effective date of August 5, 2008, insurers are statutorily prohibited from engaging in certain conduct—namely, acts of unreasonable delay or denial of payment of benefits, as defined in the statute—stemming from a claim for benefits. It follows that an insurer breaches this duty if it engages in post- effective date acts of unreasonable delay or denial regardless of when an insured originally made a claim for benefits under his or her insurance policy. Further, nothing in the Statutes suggests, as American Family contends, that insurers may unreasonably delay or deny payment of a pre-effective date claim for benefits owed after the Statutes' effective date and thereby avoid the proscriptions and remedies set forth in the Statutes. Taken to its logical extreme, American Family's argument would mean that an insured who made a claim for benefits on August 4, 2008, would be foreclosed from bringing an action under the Statutes for an insurer's acts of unreasonable delay or denial starting on August 5, 2008 and continuing thereafter. In our view, this result would be contrary to the intent of the General Assembly.

*Kisselman*, 292 P.3d at 975-76 (citations omitted).

As reflected in the Amended Complaint, Dr. Evans seeks to apply §§ 10–3–1115(1)(a) and 10-3-1116 to a claim submitted for disability benefits on August 6, 2014 and conduct occurring thereafter – well after the effective date of the Statutes. [#16 at

8

¶¶ 10-11]. Therefore, the conduct of Northwestern Mutual giving rise to Dr. Evans' cause of action for statutory bad faith in delaying or denying the benefit necessarily occurred after the effective date of the Statutes. The Statutes address that post-August 5, 2008 conduct prospectively, not retroactively. *Kisselman*, 292 P.3d at 974-76; *Vaccaro*, 275 P.3d at 757.

### B. Defendant's Arguments Regarding Retrospectivity

Defendant's attempt to reframe the prospective application of §§ 10-3-1115(1)(a) and 10-3-1116 as retroactive is unpersuasive. [#12 at 4-5; #19 at 6-7]. Defendant insists that Plaintiff is conflating the concepts of retroactivity and retrospectivity:

> In order to determine whether a statute is being applied retroactively, a court must consider whether a statute (1) is being applied to transactions that occurred after its enactment or (2) whether the statute affects pre-existing duties and obligations. *Estate of DeWitt*, 54 P.3d 849, 854 (Colo. 2002). To the extent that a statute does either of those, it is unconstitutionally retroactive.

[#19 at 3-4 citing *In re Estate of DeWitt*, 54 P.3d 849, 854 (Colo. 2002)]. Put another way, Defendant contends that the Statutes are acting on "pre-existing duties and obligations" and therefore, are retrospective, which in turn, means that they are retroactive. After considering the opinion of *In re Estate of DeWitt*, this court concludes that Defendant misapprehends its holding and the concepts of retroactivity and retrospectivity.

The Colorado Supreme Court began its analysis in *DeWitt* with clearly explaining the concepts of prospective versus retroactive application of new legislation. Prospective application means the statute "operates on transactions occurring after its effective date." *Id.* at 854. "A statute is retroactive if it operates on transactions that have already occurred or on rights and obligations that existed before its effective date."

*Id.* While disfavored, the retroactive application of a Colorado statute is not necessarily unconstitutional; "because some retroactively applied legislation is constitutional while some is not, Colorado courts have marked this distinction by evoking the term contained in the constitutional provision—"retrospective"—to describe a statute whose retroactive application is unconstitutional." *Id.* Put another way, the court only considers whether a statute is unconstitutionally retrospective once it determines that the statute's application is retroactive. *Kisselman*, 292 P.3d at 971.

In this case, Defendant's arguments about retrospectivity are irrelevant, because under the case law, the application of §§ 10-3-1115(1)(a) and 10-3-1116 is not, as a matter of law, retroactive, but prospective. There is no dispute that the transactions at issue, *i.e.*, the claim and the subsequent denial of coverage, occurred after the effective date of the Statutes. Nor did the Statutes change or alter any duties or obligations of Northwestern Mutual that existed prior to August 5, 2008. Defendant's duty or obligation to process a claim under Dr. Evans's policy in good faith could not logically arise until after he made a claim for disability – a claim that was made on August 6, 2014, well after the effective date of the Statutes. [#16 at ¶¶ 10-11; #17 at 2-3 & n.1]. And even before August 5, 2008, nothing in the Disability Policy between Plaintiff and Defendant ever provided Defendant with the right to deny or delay payment of benefits provided for by the Disability Policy in bad faith.

Defendant argues that the only case that has squarely addressed the issue is *Hollingshead v. Stanley Works Long Term Disability Plan*, No. 10-CV-03124-WJM-CBS, 2012 WL 959402 (D. Colo. Mar. 21, 2012). [#19 at 5]. In the unpublished *Hollingshead* decision, the court observed that the plaintiff cited no authority for his assertion that

10

§10-3-1116 was not being applied retroactively because the plaintiff submitted his claim and the defendant denied the claim after the effective date of the action.  2012 WL 959402, at *2.  Indeed, that plaintiff completed briefing on the issue of retroactivity without the benefit of either the *Kisselman* or *Vaccaro* decisions.  *Hollingshead v. Stanley Works Long Term Disability Plan*, No. 10-CV-03124-WJM-CBS, ECF No. 30 [filed on March 18, 2011].  Therefore, this court respectfully concludes that *Hollingshead* does not control.

Defendant's arguments that other cases from this District mandate a conclusion that the Statutes are impermissibly retroactive are equally unavailing. For example, *James River Ins. Co. v. Rapid Funding, LLC*, No. 07–cv–01146–CMA–BNB, 2009 WL 524994 (D. Colo. Mar. 2, 2009) addressed a factual scenario distinct from the ones presented in this case: namely, whether the Statutes could apply to post-effective date conduct that was part of a course of continuing conduct arising from a rejection of a claim prior to the effective date.[4]  *Id.* at *8.  In addition, the court decided that case prior to the Colorado Court of Appeals decisions in *Kisselman* and *Vaccaro* made clear that the statutory bad faith claim was distinct from, and therefore was not controlled by the interpretation of, common law bad faith.  *Id.* at *1; *Kisselman,* 292 P.3d at 975-76.  And as Plaintiff notes, many of the other authorities upon which Defendant relies address an entirely different question: *i.e.,* whether § 10-3-1116's anti-discretion and *de novo* review provisions could apply to policies issued prior to the effective date in cases where the language of the policies set forth contrary rights and obligations.  [#17 at 10-11].  For example, in *McClenahan v. Metropolitan Life Ins. Co.*, "the Plan g[a]ve[] the

---

[4] There was no dispute that § 10-3-1116 could not apply retroactively to conduct occurring prior to the effective date of the statute.  *James River*, 2009 WL 524994, at *8.

defendants discretionary authority to interpret the terms of the Plan and to determine eligibility for an entitlement to the Plan benefits, and provide[d] that the defendants' determinations shall stand unless they are shown to have been arbitrary and capricious." 621 F. Supp. 2d 1135, 1143 (D. Colo. 2009), *aff'd*, 416 F. App'x. 693 (10th Cir. 2011) (unpublished). The court accordingly found that application of § 10-3-1116's anti-discretion and *de novo* review provisions would retroactively operate on and alter the parties' preexisting contractual rights and obligations. *Id.* As noted above, nothing in the Disability Policy between Plaintiff and Defendant ever provided Defendant with the right to deny or delay payment of benefits provided for by the Disability Policy in bad faith.

This court also finds the Third Circuit's decision in *Colantuno v. Aetna Ins. Co.*, 980 F.2d 908 (3d Cir. 1992), instructive. In *Colantuno*, the Third Circuit rejected an argument similar to Defendant's framed under Pennsylvania law and held that "relevant inquiry here is not the contract date, but rather when [the insurer] is alleged to have committed the bad faith conduct." *Id.* at 911. In finding that application of statutory bad faith legislation to conduct post-dating the relevant effective date is not retroactive, even when the relevant plans were entered into prior to the effective date, the Third Circuit held in accord with two district courts. *Id.* Those courts reasoned that, in such cases, "[i]t is not the underlying insurance contract which gives rise to plaintiff's claims for punitive damages, etc., but defendant's bad faith conduct—which allegedly occurred after defendant had full knowledge of the potential penalties. Moreover, defendant never had a legal right to act in bad faith, by virtue of the contract or otherwise," and the "application of that law does not alter the insurance policy's substantive requirements,

interfere with the insurer's contractual rights, or otherwise impair the parties' obligations." *Id.* (citation and quotation omitted). This instant case similarly does not implicate any change to Northwestern Mutual's substantive provisions of its Disability Policy with Dr. Evans.

## CONCLUSION

As noted previously in this Recommendation, without a controlling ruling by the Colorado Supreme Court on the issue at hand, this court sitting in diversity follows a decision by the intermediate state court, absent convincing evidence that the highest court would decide otherwise. *United Fire*, 633 F.3d at 957. Accordingly, this court finds that application of Colo. Rev. Stat. §§ 10–3–1115(1)(a) and § 10-3-1116 to the facts pled in the instant case—where the insured's claim and all the insurer's alleged misconduct occurred after those provisions went into effect—is prospective rather than retroactive, and respectfully **RECOMMENDS** that:

(1) Defendant's Partial Motion to Dismiss [#12] be **DENIED**.[5]

---

[5] Within fourteen days after service of a copy of this Amended Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal*

DATED:  November 12, 2015          BY THE COURT:

                                   *s/* Nina Y. Wang_____
                                   United States Magistrate Judge

---

*Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see*, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).