**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-CV-01687-CMA-NYW

RICHARD EVANS, M.D., individual,

     Plaintiff,

v.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY., a Wisconsin insurance company,

     Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

The parties hereto, by and through their respective counsel, submit the following Stipulated Protective Order:

1. In this action, at least one of the parties has disclosed confidential information. The parties also anticipate seeking additional confidential information during discovery and anticipate that there will be questioning concerning confidential information in the course of depositions. The parties assert that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the parties' privacy interests. The parties have entered into this Stipulated Protective Order and request that the Court enter the Stipulated Protective Order to prevent the unnecessary disclosure of confidential information except as set forth herein.

2. Any party may designate any document as confidential <u>based on counsel's good faith review and certification that the information implicates statutory or common law confidentiality or privacy interests</u>. If any document is designated as confidential, then each page of such document shall be plainly and clearly marked "confidential" by the party designating it as such. Deposition transcripts

may also be designated confidential. A party may designate a deposition transcript confidential by sending a letter notifying all other parties thereof within thirty days after the transcript is received by the party's counsel.

3.      Any party may object to a designation of a document or deposition transcript as confidential. In such event, the objection shall be submitted *to* the Court for a determination about whether the designation is proper. Until a decision by the Court, the document or transcript shall be treated as confidential.

4.      All documents or deposition transcripts which have been designated confidential or any pleading or memorandum reproducing, quoting from, paraphrasing or otherwise substantially revealing the content of a document or deposition transcript that has been designated confidential, and which are submitted to the Court, shall be submitted under seal in an envelope or other appropriate sealed procedure on which shall be endorsed the statement that the submission contains confidential information not to be opened, displayed, or revealed to unauthorized persons except by order of the Court or consent of the producing party.

5.      Any material designated confidential pursuant to paragraph 1 shall be used by the party receiving the material solely for the purposes of this action, and shall not be used for any business or other purpose whatsoever, and shall not, unless directed by an appropriate Court, be made available or disclosed to persons other than "qualified persons." "Qualified person" as used herein means:

    a.      A party or an officer, director or employee of a party;

    b.      Counsel of record for the parties and their legal staff;

    c.      A person retained by a party or its attorneys of record to assist in this action, such as independent accountants, expert witnesses, or consultants;

d.      Court officials involved in this action, including the Court and its staff, court reporters, persons operating video recording equipment at depositions, and any Special Master or Referee appointed by the Court;

e.      Actual or potential deposition witnesses or trial witnesses in this action; or

f.      Any person retained by the parties to act as a mediator or to conduct settlement negotiations.

6.      At the conclusion of the case, all copies of any designated confidential material shall be returned to the party who designated the material as confidential. However, the termination of the action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of information produced pursuant to this Stipulated Protective Order and the Court shall retain continuing jurisdiction to enforce the terms of this Stipulated Protective Order.

7.      This Stipulated Protective Order shall bind the parties and their attorneys as soon as it is signed by attorneys for both parties, and it shall be submitted to the Court to be made an Order of the Court.

8.      Nothing in this Order may be construed as an Order of the court restricting the filing of Confidential Information.  To the extent that any Party seeks to restrict any document or information, the Parties must comply with D.C.COLO.LCivR 7.2.

So Ordered this 24th day of November, 2015.

BY THE COURT:


s/ Nina Y. Wang_____
United States Magistrate Judge

APPROVED AS TO FORM:

POLSINELLI PC

s/

151    ynkoop St., Ste. 600
Denver, CO 80202
Telephone: 303-572-9300
scarpenter@polsinelli.com
jvanlandingham@polsinelli.com
*Attorneys for The Northwestern Mutual*
*Life Insurance Company*

BALDWIN MORGAN & RIDER, PC

s/

R   ert M. Baldwin
1512 Larimer St., Ste. 450
Denver, CO 80202
Telephone: 303-623-1834
rob@bmrpc.com
*Attorneys for Plaintiff*

4