**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01687-CMA-NYW

RICHARD EVANS, M.D.,

    Plaintiff,

v.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,,

    Defendant.

_____

**ORDER**
_____

Magistrate Judge Nina Y. Wang

    This matter comes before the court on the Joint Motion to Stay Discovery Pending the Resolution of Plaintiff's Motion to Amend the Complaint (Doc. 28) and Request for Expedited Ruling (the "Motion"). [#39, filed Jan. 26, 2016]. The Motion is before the undersigned Magistrate Judge pursuant to the Order of Reference dated August 14, 2015 [#11] and the Memorandum dated January 26, 2016 [#40].

    The Parties jointly request a stay of discovery in this matter pending resolution of Plaintiff's Motion to Amend Complaint [#28]. The Parties represent that they have scheduled depositions to take place in Milwaukee, Wisconsin in the first week of February, and that these depositions are necessary to enable their experts to prepare disclosures prior to the February 19, 2016 initial expert deadline. [#39 at 2]. The Parties represent that a stay of discovery is warranted pending the court's resolution of the Motion to Amend Complaint because if the Motion to Amend Complaint is granted, a non-diverse defendant will be added to the case,

potentially destroying diversity and causing the case to be remanded to state court. [#39 at 2]. The Parties also represent that the deadlines in the case will need to be reset if a new party is added. [#39 at 2]. The Parties further represent that moving forward with depositions at this point will be problematic and inefficient because they may need to be rescheduled if a new party is added. [#39 at 2].

A stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M. D. Fla. 2003); *see Vivid Techs., Inc. v. Amer. Sci. & Engineering, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). However, here, the court notes longstanding authority standing for the proposition that diversity jurisdiction is evaluated at the outset of a case. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.") (citing *Mollan v. Torrance*, 9 Wheat. 537 (1824); *Clarke v. Mathewson*, 12 Pet. 164, 171 (1838); *Wichita Railroad & Light Co. v. Public Util. Comm'n of Kansas*, 260 U.S. 48, 54 (1922)). If the court grants Plaintiff's Motion to Amend the Complaint, this does not mean that the case would automatically be remanded to state court.

Moreover, while the court acknowledges that discovery deadlines might be adjusted if a new party is added to the case through amendment to Plaintiff's Complaint, it does not find it appropriate at this time to stay all deadlines in the case pending a ruling on Plaintiff's Motion to Amend the Complaint. Accordingly, the court is not satisfied that a stay of all discovery is

warranted in these circumstances and at this time pending a ruling on Plaintiff's Motion to Amend the Complaint.

Therefore, the court **DENIES** the Joint Motion to Stay Discovery Pending the Resolution of Plaintiff's Motion to Amend the Complaint (Doc. 28) and Request for Expedited Ruling [#39], with leave for the Parties to move for a more specific extension of time, if necessary, once this court issues its forthcoming Recommendation on the Motion to Amend.

DATED: January 29, 2016                BY THE COURT:

                                       *s/* Nina Y. Wang_____
                                       United States Magistrate Judge