**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-01687-CMA-NYW

RICHARD EVANS, M.D., individual,

    Plaintiff,

v.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a Wisconsin insurance company,

    Defendant.

---

**ORDER OVERRULING OBJECTION (DOC. # 31), ACCEPTING MAGISTRATE'S RECOMMENDATION (DOC. # 24), AND DENYING MOTION TO PARTIALLY DISMISS (DOC. # 12)**

---

This matter is before the Court on Defendant Northwestern Mutual Life Insurance Company's Objection to Recommendation of the United States Magistrate Judge. (Doc. # 31.) Northwestern Mutual objects to Magistrate Judge Wang's recommendation that its partial motion to dismiss be denied. (Doc. # 24.) For the reasons set forth below, the Court accepts Magistrate Judge Wang's recommended disposition.

    **I.**    **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 72(b)(3), a district judge "must determine de novo any part of the magistrate judge's disposition [on a dispositive motion] that has been properly objected to." Following its de novo review, the district judge "may accept, reject, or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. BACKGROUND

Plaintiff Richard Evans, M.D., is the holder of a disability insurance policy that was issued by Defendant in 1994. (Doc. # 12-1.) Plaintiff asserts that a disability prevents him from practicing medicine, and he submitted a claim for disability benefits to Defendant on August 6, 2014. (Doc. # 16 at ¶¶ 7, 10.) In his amended complaint, Plaintiff alleges that, since submitting his claim, "Defendant has unreasonably delayed the payment of Plaintiff's claim, has unreasonably failed to pay Plaintiff's entire claim, has unreasonably denied part of Plaintiff's claim, and has unreasonably failed to agree to pay lifetime benefits." (Doc. # 16 at ¶ 11.) Plaintiff's amended complaint asserts the following claims: breach of contract (first claim); breach of the duty of good faith (second claim); and a violation of Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 (third claim).[1] (Doc. # 16 at 2-4.)

On August 27, 2015, Defendant filed a motion to partially dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 12.) Defendant argues that Plaintiff's statutory claim must be dismissed because Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 took effect after the effective date of Plaintiff's disability insurance policy. According to Defendant, permitting Plaintiff to assert a statutory claim under these

---

[1] Colo. Rev. Stat. § 10-3-1115(1)(a) provides that "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." Colo. Rev. Stat. § 10-3-1116(1) provides that "[a] first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit."

circumstances "would violate the Colorado Constitution's prohibition against a statute being applied retrospectively such that it impairs a vested right, creates a new obligation, or imposes a new duty." (Doc. # 12 at 2.)

The Court referred Defendant's motion to partially dismiss to Magistrate Judge Wang on August 28, 2015. (Doc. # 13.) On November 12, 2015, Magistrate Judge Wang issued her recommendation that Defendant's motion to partially dismiss be denied. (Doc. # 24.) Magistrate Judge Wang's recommendation relies, in part, on two opinions of the Colorado Court of Appeals: *Kisselman v. American Family Mutual Insurance Co.*, 292 P.3d 964 (Colo. App. 2011), and *Vaccaro v. American Family Insurance Group*, 275 P.3d 750 (Colo. App. 2012). Defendant filed a timely objection to Magistrate Judge Wang's recommendation on November 30, 2015 (Doc. # 31), and Plaintiff filed a timely response to Defendant's objection on December 14, 2015 (Doc. # 35).

### III.   ANALYSIS

Defendant presents two arguments in its objection to Magistrate Judge Wang's recommendation: (1) "the Court is not required to follow the decisions of the Colorado Court of Appeals because the decisions did not consider the issue raised in Northwestern Mutual's Motion to Dismiss," and (2) "the Magistrate failed to properly apply the test for retroactivity and retrospectivity to the facts as pled here and ignores the fact that [Plaintiff] seeks to apply [Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116] to a contract that was negotiated, executed, and in full force and effect for 14 years before

[Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116] came into existence." (Doc. # 31 at 2-3.) The Court will address each of Defendant's arguments in turn.

### A. Whether the Magistrate's Reliance on *Kisselman* and *Vaccaro* was misplaced

Defendant does not contest the standard set forth by Magistrate Judge Wang in her recommendation regarding when a federal court in Colorado should follow a decision of the Colorado Court of Appeals. That standard, as stated by the Tenth Circuit, provides that "'where jurisdiction rests solely on diversity of citizenship and there is no controlling decision by the highest court of a state, a decision by an intermediate court should be followed by the Federal court, absent convincing evidence that the highest court would decide otherwise.'" *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 957 (10th Cir. 2011) (quoting *Webco Indus., Inc. v. Thermatool Corp.*, 278 F.3d 1120, 1126 (10th Cir. 2002)). Defendant does not argue that there is a decision by the Colorado Supreme Court that controls in this matter, nor does Defendant argue that there is convincing evidence that the Colorado Supreme Court would decide this matter differently than the Colorado Court of Appeals. Instead, Defendant argues that the Court is not required to follow the decisions of the Colorado Court of Appeals because those decisions do not specifically addressed the particular issue raised in Defendant's motion to dismiss—namely, whether Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 can be applied when the insurance policy was issued before the effective date of the statutes. (Doc. # 31 at 4.) Defendant's argument, however, is unavailing.

The first Court of Appeals case relied on by Magistrate Judge Wang—*Kisselman v. American Family Mutual Insurance Co.*, 292 P.3d 964 (Colo. App. 2011)—involved a plaintiff who was injured in a car accident on April 4, 2005. *Id*. at 966. In its opinion, the Court of Appeals explicitly noted that, "[a]t the time of the accident, Kisselman was covered by an American Family insurance policy." *Id*. The plaintiff filed a claim for benefits under the insurance policy on June 30, 2006. *Id*. In January 2008, the plaintiff demanded arbitration because he and his insurance carrier were unable to resolve their dispute regarding the payment of the plaintiff's claim. *Id*. In April 2008, the plaintiff sued in order to avoid having his legal claims barred by the statute of limitations. *Id*. While the parties were negotiating the procedural details of the arbitration, the Colorado General Assembly enacted Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116, which took effect on August 5, 2008. *Id*. at 967. In April 2009, the plaintiff amended his complaint to add a claim alleging a violation of Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116. *Id*. The plaintiff moved for a determination from the trial court as to whether the statutes applied to the alleged misconduct of his insurer that occurred after August 5, 2008—the effective date of the statutes. *Id*. The trial court rejected the plaintiff's argument that the statues applied, likening the plaintiff's statutory claims to a common law bad faith claim and finding that an insurer's continuing refusal to pay benefits does not result in the accrual of a new cause of action with each new act of refusal. *Id*. at 968.

The Court of Appeals reversed the trial court's decision. At the beginning of its analysis, the Court of Appeals explicitly noted that "the only issue presented on appeal concerns the prospective applicability of sections 10-3-1115 and -1116 to Kisselman's

5

case," *id*. at 970, and framed the question presented as "whether sections 10-3-1115 and -1116 applied prospectively to alleged post-effective date acts of unreasonable delay," *id*. at 971.  The Court of Appeals held that "the Statutes are applicable to American Family's alleged post-effective date acts of unreasonable delay stemming from Kisselman's pre-effective date claim for benefits," relying, in part, on its finding that "the General Assembly intended the Statutes to apply prospectively to all post-effective date conduct of insurer." *Id*. at 972.  Key to this finding was the Court of Appeals' conclusion that the statutory language "shows that the General Assembly intended to prohibit *conduct* by insurers in their handling of claims for benefits owed to their insureds" and, therefore, it follows that an insurer violates the statute "if it engages in post-effective date acts of unreasonable delay or denial *regardless of when an insured originally made a claim for benefits under his or her insurance policy*." *Id*. at 975-76 (second emphasis added).

The second Court of Appeals case relied on by Magistrate Judge Wang— *Vaccaro v. American Family Insurance Group*, 275 P.3d 750 (Colo. App. 2012)— involved a plaintiff who was injured in a car accident in 2005. *Id*. at 753.  At the time of the accident, the plaintiff was covered by an insurance policy with uninsured motorist benefits that had been previously issued by the defendant insurance company. *Id*.  In 2007, the plaintiff submitted a claim under the policy. *Id*.  Because the parties were unable to resolve their dispute as to the payment of benefits, the plaintiff filed suit in May 2009. *Id*. at 754.  The plaintiff's complaint included an allegation that the defendant violated Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116. *Id*.  Following a jury trial in which

the jury returned a verdict in the plaintiff's favor, the trial court denied the defendant's motion for a directed verdict, rejecting its argument that the statutes "could not be applied retroactively to a claim arising before their effective date." *Id*. In support of its decision, the trial court noted that it had specifically instructed the jury to consider only the defendant's conduct that occurred after the effective date of the statutes when assessing the plaintiff's statutory claim. *Id*.

The Court of Appeals affirmed, finding that there was "no retrospective application of the Statutes here." *Id*. at 759. Although the defendant on appeal "frame[d] the issue as whether the Statutes may be applied retrospectively," the Court of Appeals found that the proper question was "whether the Statutes apply to acts occurring after [the Statutes'] effective date despite the common law principle that bad faith encompasses a cumulative course of conduct." *Id*. at 757. Like the panel in *Kisselman*, the Court of Appeals concluded "that the Statutes create a new right of action, separate from common law bad faith, which is available for acts occurring after August 5, 2008." *Id*. The Court of Appeals found that "[a]lthough plaintiff's UIM claim was filed and processed in part before the Statutes took effect, it does not necessarily follow that defendant was held retroactively liable for 'transactions or considerations already past[.]' [*In re Estate of DeWitt*, 54 P.3d 849, 854 (Colo. 2002)).] Rather, the jury was appropriately instructed to determine whether defendant's conduct violated the Statutes at any point after their effective date." *Id*. at 759. Lastly, because the Court of Appeals "perceive[d] only prospective operation of the Statutes here," it stated that it

7

"need not analyze the constitutionality of retroactive application or decide whether the Statutes implicate vested rights or merely create a new procedural remedy." *Id*. at 757.

After conducting its own de novo review in the present matter, this Court finds that, contrary to Defendant's assertion, *Kisselman* and *Vaccaro* do in fact address the issue raised in Defendant's motion to dismiss. *Kisselman* and *Vaccaro* make explicitly clear that applying Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 to an insurer's conduct that occurs after August 5, 2008, is a permissible prospective application of the statutes. This is true even if the claim arose and was submitted prior to August 5, 2008, because the statutes target specific *conduct* occurring after August 5, 2008. Thus, *Kisselman* and *Vaccaro* clearly establish that the key issue to be addressed when determining whether the statues are being applied prospectively is when the specific impermissible conduct of the insurance company is alleged to have occurred. The decisions make equally clear that the date the claim was submitted does not determine whether or not the statutes are being applied prospectively. *See, e.g.*, *Kisselman*, 292 P.3d at 975-76 (stating that an insurer violates the statute "if it engages in post-effective date acts of unreasonable delay or denial *regardless of when an insured originally made a claim for benefits under his or her insurance policy*") (emphasis added). Of course, if an insured has submitted a claim for benefits, it necessarily means that an underlying insurance policy was already in place. Therefore, the only logical conclusion to be drawn from *Kisselman* and *Vaccaro* is that, if the date an insured makes a claim has no bearing on whether or not the statute is being applied prospectively, then the date the policy was initially issued is equally irrelevant. In other words, an insurer violates Colo. Rev. Stat.

§§ 10-3-1115 and 10-3-1116 if it engages in post-effective date acts of unreasonable delay or denial *regardless of when the insurance policy was issued*.

Defendant asserts that neither *Kisselman* nor *Vaccaro* "discusses, or in any way considers, the effective date of the subject insurance policy at issue—the primary issue raised in Northwestern Mutual's Motion to Dismiss." (Doc. # 31 at 3-4.) The Court disagrees. In both *Kisselman* and *Vaccaro*, the Court of Appeals explicitly recognized that the underlying insurance policies had been entered into prior to the effective date of the statutes. *Kisselman*, 292 P.3d at 966; *Vaccaro*, 275 P.3d at 753. Defendant misinterprets a lack of analysis on retroactivity as a failure to address the issue. Instead, the Court of Appeals explicitly stated that, because it "perceive[d] only prospective operation of the Statutes," it did not need to "analyze the constitutionality of retroactive application or decide whether the Statutes implicated vested rights or merely create a new procedure remedy." *Vaccaro*, 275 P.3d at 757. In other words, notwithstanding the fact that the insurance policies were issued and the claims were made prior to the effective date of the statutes, it is unnecessary to discuss retroactivity because the statutes can properly be applied prospectively to post-effective date conduct. Thus, the issue Defendant raises on appeal—the date the insurance policy was issued—was, in fact, considered and addressed by the Colorado Court of Appeals.

**B.    Whether the Application of the Statues to this Policy is Unconstitutionally Retroactive**

Defendant's second argument is based on its first. Defendant asserts that

> [b]ecause the Magistrate's conclusion that the Statutes are being applied prospectively is based on the holdings of *Kisselman* and *Vaccaro*, neither of which consider the date

> the policy was issued, the Recommendation does not adequately address whether allowing a statutory bad faith claim to proceed where the policy was issued prior to the effective date of the Statutes is retroactive because it affects pre-existing duties and obligations."

(Doc. # 31 at 5.) However, this argument necessarily fails because, as discussed above, *Kisselman* and *Vaccaro* do in fact consider the date the policy was issued. Therefore, *Kisselman* and *Vaccaro* resolve the issue presented by Defendant in this case.

Moreover, as discussed above, *Kisselman* and *Vaccaro* make clear that Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 can be prospectively applied to post-effective date acts of unreasonable delay or denial regardless of when the insurance policy was issued. In the present matter, there is no dispute that Defendant's alleged acts of unreasonable delay or denial occurred no earlier than August 6, 2014—the date Plaintiff submitted his claim. Thus, relying on *Kisselman* and *Vaccaro*, the Court finds that the Colorado Constitution does not preclude Plaintiff from alleging a violation of Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 because Defendant's alleged acts of unreasonable delay or denial occurred no less than six years after the effective date of the statutes. In addition, the Court finds that, because Plaintiff seeks to apply the statutes to post-effective date conduct only, there is no retroactive application of the statutes here. *See Kisselman*, 292 P.3d at 972; *Vaccaro*, 275 P.3d at 757.

### IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Objection to Recommendation of the United States Magistrate Judge (Doc. # 31) is OVERRULED; it is

FURTHER ORDERED that Magistrate Judge Wang's October 12, 2015 Recommendation (Doc. # 24) is ACCEPTED; and it is

FURTHER ORDERED that Defendant's Motion to Partially Dismiss (Doc. # 12) is DENIED.

DATED: February 9, 2016                BY THE COURT:

*[signature]*

CHRISTINE M. ARGUELLO
United States District Judge